IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE BRABLEC,

        Plaintiff,                  CIV. NO. S-08-1843 MCE GGH

    vs.

PAUL COLEMAN & ASSOCIATES, P.C.,             FINDINGS AND RECOMMENDATIONS

        Defendant.

_____/

       Plaintiff's motion for entry of default judgment against defendant Paul Coleman & Associates, P.C. ("defendant"), filed May 29, 2009, was submitted on the record. Local Rule 230(h). Also before the court is plaintiff's motion for attorneys' fees and costs, filed May 29, 2009. Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

       On August 8, 2008, plaintiff filed the underlying complaint in this action against defendant, alleging defendant violated the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692) and plaintiff's right to privacy under state law by their harassing phone calls and threats to garnish his wages, causing him multiple medical and emotional problems as a result of the stress. The summons and complaint were personally served on defendant on December 5,

1

1  2008.  Fed. R. Civ. P. 4(e)(2).  Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d
2  1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendant has
3  failed to file an answer or otherwise appear in this action.  On January 8, 2009, the clerk entered
4  default against defendant Paul Coleman & Associates, P.C.
5         Request for entry of default and the instant motion for default judgment and
6  supporting papers were served by mail on defendant at its last known address.  Defendant filed
7  no opposition to the motion for entry of default judgment.  Plaintiff seeks default judgment in the
8  amount of $26,000.00.  Plaintiff also has moved for attorney's fees and costs in the amount of
9  $5,700.00.
10 DISCUSSION
11        Entry of default effects an admission of all well-pleaded allegations of the
12 complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.
13 1977).  The court finds the well pleaded allegations of the complaint state a claim for which
14 relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The
15 memorandum of points and authorities and affidavits filed in support of the motion for entry of
16 default judgment also support the finding that plaintiff is entitled to the relief requested.  There
17 are no policy considerations which preclude the entry of default judgment of the type requested.
18 See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).
19        Courts generally disfavor default judgments, however, especially those involving
20 large sums.  See In Re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir.1993);10A C. Wright, A.
21 Miller & M. Kane, Federal Practice & Procedure: Civil 3d § 2681.  "The general rule of law is
22 that upon default factual allegations of the complaint, *except those relating to amount of*
23 *damages*, will be taken as true."  Geddes, 559 F.2d at 560 (citing Fed. R. Civ. P. Rules 8(d),
24 55(b)) (emphasis added); see also Fair Housing of Marin v. Combs, 285 F.3d 899 (9th Cir.2002)
25 (same).
26 \\\\\

Granting or denying default judgment is discretionary. See Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir.1986). Several factors may be relevant. See Eitel, 782 F.2d at 1471-72 (9th Cir.1986).[1]

"A judgment by default may not be entered without a hearing on damages unless ... the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Dundee Cement, 722 F.2d at 1323 (citing Geddes); Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir.1981) (no hearing necessary when documents show judgment amount based on a definite figure); see also Fed. R. Civ. P. 55(b)(2) (the district court has the discretion to conduct or refuse a hearing on default judgment). A hearing on the issue of damages is not required as long as the court finds there is a basis for the damages specified. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). Affidavits or other documentary evidence is sufficient to evaluate the fairness of the amount requested. Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993).

A. Statutory Damages

Plaintiff seeks $1,000 pursuant to § 1692k(a)(2)(A) of the FDCPA.

The FDCPA provides for damages of up to $1,000, and provides for factors to be considered by the court, including "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(a)(2)(A); (b)(1). Statutory damages are limited to $1,000 per action. Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1178 (9th Cir. 2006) (limiting statutory damages to "one set of circumstances"); Nelson v. Equifax Information Services, LLC, 522 F. Supp.2d 1222 (C.D. Cal. 2007) (limiting statutory damages to "$1,000 per lawsuit, not $1,000 per violation"). The statute itself provides that "in the case of any action by

---

[1] Factors include: (1) possible prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the complaint's sufficiency; (4) the sum at stake; (5) possible disputes about material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel, 782 F.2d at 1471-72.

an individual, such additional damages as the court may allow, but not exceeding $1,000 ..." 15 U.S.C. § 1692k(a)(2)(A).

Plaintiff's request for $1,000 in statutory damages under the FDCPA is supported by the allegations of plaintiff's complaint and should be awarded.

B. Actual Damages

Section 1692k(a)(1) also provides for actual damages. "Actual damages" are not defined by the FDCPA. The Ninth Circuit has not decided whether the state law of intentional infliction of emotional distress should apply or whether some lower standard akin to that used under the Fair Credit Reporting Act ("FCRA") should apply. See Costa v. National Action Financial Services, 2007 WL 4526510, *7 (E.D. Cal. 2007); Riley v. Giguiere, 631 F.Supp.2d 1295, 1314 (E.D. Cal. 2009). The undersigned need not address which standard should apply as the instant motion is not opposed. The affidavit submitted by plaintiff supports his request for physical damages and mental suffering. (Ex. A to Mot. Default J.) Plaintiff states that as a result of defendant's harassing phone calls to both his home and his work, as well as threats to garnish his wages, plaintiff suffered heart problems, high blood pressure, sleep loss, fatigue, loss of concentration, poor work performance, stress, anxiety, depression, and fear of leaving his house. (Id.) The requested amount of $25,000 is reasonable under these circumstances.

C. Attorneys' Fees and Costs

Plaintiff has filed a separate motion for $5,120 in attorneys' fees and $580 in costs incurred in the instant action.

Attorneys' fees are to be awarded to a prevailing plaintiff under the FDCPA. 15 U.S.C. 1692k(a)(3). In particular, under the FDCPA, some courts have ruled that an attorney fee award is mandatory in such cases. See, e.g. Zagorski v. Midwest Billing Services, Inc., 128 F.3d 1164 (7th Cir.1997). First, the court calculates the "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct.1933 (1983). Second, the court must decide

4

whether to enhance or reduce the lodestar figure based on an evaluation of the Kerr factors that are not already subsumed in the initial lodestar calculation. Fischer v. SJB-P.D. Inc., 214 F.3d 1115 (9th Cir. 2000); Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975).  "A court is justified in relying on a requesting counsel's recently awarded fees when setting that counsel's reasonable hourly rate." Abad v. Williams, Cohen & Gray, Inc., 2007 WL 1839914, *4 (N.D. Cal. 2007), *citing* Widrig v. Apfel, 140 F.3d 1207, 1210 (9th Cir.1998).

Plaintiff's attorneys request fees for a total of 13.5 hours of attorney work, consisting of .2 hours for Mr. Hyslip at a rate of $300 per hour, 8.8 hours for Mr. Meier at a rate of $250 per hour, 4.2 hours for Mr. Sostrin at a rate of $250 per hour, and .3 hours for Mr. Kwun at a rate of $200 per hour.  Plaintiff also seeks fees for 14 hours of work by other staff members at a rate of $125 per hour for legal assistants Seckel, Juare, Hense, and Flynn. (Ex. A to Pl.'s Mot.)

As there is no opposition by defendant, plaintiff's request for fees appears reasonable and should be granted.

Section 1692k(a)(3) also provides for recovery of "costs of the action."  "Even though not normally taxable as costs, out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 n. 7 (9th Cir.1986). The non-taxable costs of filing and serving the complaint, as well as the pro hac vice application fee for Mr. Meier fit this description.  Therefore, plaintiff will be awarded $580 in costs.

CONCLUSION

In view of the foregoing findings, it is the recommendation of this court that:

1. Plaintiffs' motion for entry of default judgment (dkt. # 12) be GRANTED. Judgment should be rendered in the amount of $26,000.00.

2. Plaintiff's motion for attorneys' fees and costs (dkt. # 13) be GRANTED in the amount of $5,700.00.

1  These findings and recommendations are submitted to the honorable Morrison C.
2  England, Jr., United States District Judge, pursuant to the provisions of Title 28 U.S.C. §
3  636(b)(l).  Within fourteen days after being served with these findings and recommendations, any
4  party may file written objections with the court and serve a copy on all parties.  Such a document
5  should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any
6  reply to the objections shall be served and filed within seven days after service of the objections.
7  The parties are advised that failure to file objections within the specified time may waive the
8  right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: 01/21/2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Brablec1843.def.wpd